**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**IN RE:  MARIETOU FANNY,**             :          **CHAPTER 13**
       Debtor

                                                :          **BANKRUPTCY NO.  17-16335**

**ORDER**

AND NOW, this       day of February, 2018, upon consideration of the Motion of Wilmington Trust, N.A., not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 ("WSFS") for Relief from Automatic Stay Under Section 362(a) in this case, and the Debtor's Answer thereto, it is hereby ORDERED that the Motion is **DENIED.**

_____
J.

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:  MARIETOU FANNY,         :         CHAPTER 13
         Debtor

                                   :         BANKRUPTCY NO.  17-16335

**DEBTOR'S ANSWER TO MOTION OF WSFS FOR RELIEF FROM THE AUTOMATIC STAY UNDER 362 SECTION 362(a)**

      1.   The allegations of paragraphs 2, 4, and 5 of the Motion are admitted.

      2.   The allegations of all of the remaining paragraphs are denied or denied as stated and strict proof of same is demanded at any hearing.

### AFFIRMATIVE DEFENSES

      3.   The loan documents attached to the Motion are a Mortgage and Note dated August 7, 2007, in which the lender is identified as Countrywide Bank, Federal Savings Bank ("CW").

      4.   All recent correspondence and telephone calls regarding this mortgage have been received from Fay Servicing, LLC.

      5.   A pending mortgage foreclosure action was filed against the Debtor on this . Mortgage in the Court of Common Pleas of Philadelphia County at obligation at issue on June 3, 2016, at June Term, 2016, No. 00003, entitled <u>Ditech Financial, LLC v. Fanny</u>.  Although there is a purported chain of assignments attached as exhibits to the Motion, there is none from CW, and there are none which mention Ditech Financial, Inc.or Fay Servicing, LLC. For this reason also, the Movant has not established that this Motion is maintained on behalf of an actual holder or

owner of a mortgage obligation executed by the Debtor, and for this reason also the Movant has not established that it has standing to maintain this Motion.

      6.     The Debtor has in the past, and will in the future, attempt to apply for a loan modification in connection with her mortgage obligation.  In fact, she was in the midst of a loan modification application in the Mortgage Conciliation Program in the Philadelphia Court of Common Pleas at the time that this bankruptcy case was filed, and was last informed to reapply after she obtained employment, which she has now done.  She requests that the Movant will refrain from pressing the Motion until she has had a full opportunity to complete the loan modification application process do so.

      WHEREFORE, the Debtor requests that the Motion be denied or deferred until her request for a loan modification has been completed.

Dated:  January 22, 2018                          Attorney for Debtor

                                                /s/DAVID A. SCHOLL
                                                512 Hoffman Street
                                                Philadelphia, PA.  19148
                                                610-550-1765